**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **QUEST ACQUISITION, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 08-665-JJB-DLD** |
| **HARTFORD CASUALTY INSURANCE COMPANY and KIMBERLY R. HEBERT** | |

## MAGISTRATE JUDGE'S REPORT

This matter is before the court for a report and recommendation as to removal jurisdiction and the motion to dismiss Kimberly R. Hebert filed by plaintiff (rec. doc. 5). The motion is unopposed. The court will review the basis for subject matter jurisdiction in this removed action prior to turning to the motion to dismiss.

### Factual Background

Plaintiff, Quest Acquisition, L.L.C, leased  space located at 11814 Market Place Avenue, Baton Rouge, Louisiana, 70806 (the leased premises) for its business operations (rec. doc. 1-3).  On or about April 23, 2006, the leased premises were damaged by a fire which was caused by faulty electrical panel wiring.  At the time of the fire, plaintiff had a policy of business insurance in full force and effect on the premises issued by defendant Hartford Casualty Insurance Company.  Plaintiff contends the policy provided coverage for loss related to a fire, including coverages for business personal property, personal property of others, business income and extra expense coverage, debris removal, and document reproductions.  Id.

Plaintiff obtained the Hartford policy through defendant Kimberly Hebert with Kim Hebert Insurance Agency.  Id.  Prior to the date of the fire, plaintiff requested that additional coverage limits be added to the policy, specifically with respect to the Contents Coverage. Ms. Hebert later confirmed that the increase in coverage was provided to Hartford prior to the April 23, 2006, fire.

Hartford has made payments to plaintiff pursuant to the policy, but plaintiff remains unsatisfied with the amount of the payments made by Hartford.  As a result, plaintiff filed suit against Hartford on April 19, 2007, in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, for damages, including, but not limited to, damage to and/or loss of business and personal property, expenses for debris removal and document reproduction, and loss of business income.  Id.  Hartford initially denied that increased contents coverage was provided under the policy; therefore, plaintiff named Hebert as an additional defendant for its damages in the event that the requested coverage increases were not properly submitted to Hartford. Id.  Hartford made unconditional payments to plaintiff for certain property damage and contents loss before suit was filed, and after suit was filed, Hartford reformed the policy, adjusted the claim under the increased limits plaintiff requested, and paid an additional unconditional tender under the reformed policy limits (rec. doc. 1).

On September 17, 2008, plaintiff sent defendant a demand letter for $900,000 in losses, including $812,855.98 in business interruption loss.  As a result, on October 17, 2008, Hartford removed plaintiff's case to this court based on diversity jurisdiction arguing that the amount in controversy exceeded $75,000 and Hebert was improperly joint and should be disregarded when considering diversity jurisdiction.  Id. Plaintiff filed a

memorandum in opposition to the removal, which objected to the court's jurisdiction over this matter (rec. doc. 2). Thereafter, on January 26, 2009, plaintiff filed a motion to dismiss Kimberly Hebert (rec. doc. 5). After reviewing the notice of removal, the court *sua sponte* ordered defendant to file an amended notice of removal correctly identifying the citizenship of the parties (rec. docs. 11 and 12). Both the basis for removal jurisdiction and the motion to dismiss are before the court for report and recommendation (rec. doc. 9).

### **Argument of the Parties**

Plaintiff objects to removal based on diversity jurisdiction (rec. doc. 2). Plaintiff states that the petition clearly sets forth its claim for business interruption losses, but does not state a specific dollar amount because the amount of the loss was not known at the time the petition was filed and a specific dollar amount is not required to be plead under Louisiana law. Plaintiff objects to the suggestion that it has given Hartford reason to believe that its claim was below the jurisdictional limit for diversity jurisdiction. Plaintiff explains that it was unable to immediately provide documentation supporting its business interruption claim because it was busy mitigating its losses by establishing a new business and recreating documents and obtaining contracts from clients that were lost in the fire. Plaintiff also argues that Hebert was not improperly joined and explains that it brought an alternative claim for damages against Hebert because Hartford initially denied receipt of a request for increased limits, leaving plaintiff unclear as to which party was responsible for failing to honor the request for increased limits. Due to plaintiff's relationship with Hebert, it hoped that she was not responsible for failing to procure the increased coverage and, therefore, withheld service on Hebert until August 13, 2007, and agreed to dismiss her if Hartford honored the request for increased coverage and reformed the policy accordingly.

Plaintiff acknowledges that after suit was filed, Hartford agreed to honor the request for increased limits, and as a result, plaintiff filed a motion to dismiss Hebert (rec. doc. 5).

Defendant-Hartford responds by arguing that plaintiff's objection to the removal was not timely filed and should not be considered.  Defendant explains that although this matter was not originally removable, it became removable upon receipt of plaintiff's September 17, 2008, letter outlining $900,000 in additional losses.   Defendant contends that its failure to remove this action within one year from the date the suit was originally filed (April 19, 2007) is subject to an equitable extension of this time limit due to plaintiff's efforts to manipulate the forum in this case by improperly joining a non-diverse defendant, Hebert, and concealing the true amount of its claim until after the one-year period had expired. Defendant argues that Hebert, a Louisiana citizen, was improperly joined to destroy diversity; therefore, the court should disregard her citizenship for purposes of establishing diversity jurisdiction. Defendant argues that plaintiff's failure to timely serve Hebert or take adverse action against her for her failure to timely answer the suit and plaintiff's inability to recover against Hebert due to La. R.S. 9:5606 are all evidence that Hebert was improperly joined to destroy diversity.

### Discussion

Hartford removed this matter based on diversity jurisdiction. 28 U.S.C. §1332 and §1441(a).  Plaintiff did not file a motion to remand, but did file an opposition to the notice of removal objecting to the removal and seeking to have this matter maintained in the 19th Judicial District Court.  Plaintiff also filed a motion to dismiss the non-diverse defendant, Hebert, several months after the action was removed.  Plaintiff's failure to file a formal motion to remand and failure to timely object to removal does not prevent the court from

*sua sponte* analyzing whether this court has subject matter jurisdiction over this matter. Thus, the court will first determine whether the removal establishes that this court has diversity jurisdiction over this matter.

A party may remove a case based on diversity jurisdiction within 30 days of receipt of the initial pleading or, if the initial pleading is not removable, within 30 days of receipt of an amended pleading, motion, order, or other paper from which it is ascertained that the case has become removable. See 28 U.S.C. §1446(b). Regardless of whether the case is initially removable or becomes removable at a later date, a case may not be removed based on diversity jurisdiction more than one-year after commencement of the action. Id. The Fifth Circuit in *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 427 (5th Cir. 2003), noted that the conduct of the parties may affect whether it is equitable to strictly apply the one-year limit. The court in *Tedford* recognized an equitable exception to the one-year rule when a plaintiff attempts to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights. Id., at 429.

The notice of removal based on plaintiff's letter outlining $900,000 in additional losses was filed more than a year after the original suit was commenced. Defendant argues that plaintiff manipulated the forum by naming Hebert, a non-diverse defendant, and concealing the true value of its claim until after the expiration of the one-year time limitation. The court will first determine whether Hebert was improperly joined to destroy diversity jurisdiction.

In order to remove a case under 28 U.S.C. §1332, the parties must be of diverse citizenship. Plaintiff is a limited liability company with two members, who are both citizens of Louisiana (rec. doc. 12); defendant Hartford is a foreign insurer organized under the laws

of Indiana, with its principal place of business in Connecticut; defendant Hebert is a resident of Louisiana (rec. doc. 1). Defendant removed this matter on the basis of diversity alleging that defendant Hebert was improperly joined and should not be considered for purposes of diversity jurisdiction (rec. doc. 1). In support of its improper joinder argument, defendant claims that plaintiff did not timely serve Hebert, did not take a default judgement against Hebert after she failed to answer, moved to dismiss Hebert after removal and after the one-year period in an effort to manipulate the forum, and cannot recover against Hebert due to La. R.S. 9:5606 (rec. doc. 1).

Plaintiff states that it was left with no choice but to name Hebert as a defendant because Hartford denied receipt of any request to increase plaintiff's coverage. At the time suit was filed, plaintiff was unsure who would be responsible for failing to honor its request to increase its policy limits. Although plaintiff acknowledges that it decided to dismiss Hebert after Hartford honored the increased limits, it denies that Hebert was added to destroy diversity jurisdiction.

Improper joinder of a non-diverse party can be proven by showing "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005), *citing Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (en banc). Fraud in the pleadings is not an issue in this case, as Hartford does not dispute that Hebert is a Louisiana resident. See *Travis v. Irby*, 326 F.3d 633, 647 (5th Cir. 2003). Rather, defendant seeks to prove improper joinder by proving that plaintiff cannot establish a cause of action against the non-diverse party in state court. The Court must determine "whether the defendant has demonstrated that there is no possibility of

recovery by the plaintiff against the in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id., citing Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (en banc).  In reviewing a claim for improper joinder, all factual allegations are evaluated in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff. Id. at 309.

 Plaintiff's petition states that it requested that additional policy limits be added to the policy and that it was informed by Hebert that the requested increase in coverage was provided to Hartford prior to the fire (rec. doc. 1).  Because Hartford initially denied the additional policy limits, plaintiff seeks recovery from Hebert by alleging that "[i]n the alternative, and in the event that the above referenced coverage increases were not properly submitted by [Hebert], plaintiff shows that it is entitled to recover damages from [Hebert] for her purported failure to obtain this increase in coverage...". Id.  Insurance agents owe a fiduciary duty to the insured, and are liable for their own fault or neglect. *Fidelity Homestead Ass'n. v. Hanover Ins.* Co., 458 F.Supp.2d 276 (E.D. La. 2006); *Landry v. State Farm Fire & Casualty Co.*, 428 F.Supp.2d 531 (E.D. La. 2006).  Several courts have held that an insurance agent was not improperly joined to destroy diversity when the plaintiff asserts a claim against the agent for failure to procure requested coverage. Id. Based on plaintiff's allegations in the petition and the case law recognizing a cause of action for an agent's negligence in procuring a policy, defendant has failed to prove that plaintiff's petition does not establish a cause of action against Hebert.

 Defendant argues that plaintiff's claims against Hebert are perempted by La. R.S. 9:5606.  Defendant, however, fails to advance a specific argument or evidence in support

of its defense of peremption.  Thus, defendant has not met its burden of proving that plaintiff is unable to recover against Hebert.

Defendant further argues that because it has honored the additional policy limits and plaintiff has filed a motion to dismiss Hebert, any claim against Hebert is now moot.  Although the motion to dismiss Hebert would result in dismissal of the only non-diverse party, the motion to dismiss was filed *after* the case was removed to this court (rec. doc. 5).  In a case removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court. *Coury v. Prot*, 85 F.3d 244, 249 (5ᵗʰ Cir. 1996).  Because defendant has failed to meet its burden of proving that Hebert was improperly joined and because the motion to dismiss Hebert, which would create diversity, was filed *after* the case was removed to this court,  defendant has failed to prove diversity of citizenship in this case.

A party seeking to invoke federal diversity jurisdiction bears the burden of establishing **both** that the parties are diverse and that the amount in controversy exceeds $75,000. *Garcia v. Koch Oil Co. Of Texas, Inc.,* 351 F.3d 636 (5ᵗʰ Cir. 2003), citing  *Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5ᵗʰ Cir.1998).  Defendant is unable to prove that plaintiff engaged in forum manipulation by improperly adding Hebert and, therefore, cannot prove the existence of diversity of citizenship.  Because diversity of citizenship is lacking, it is unnecessary to address whether the amount on controversy is satisfied.  Defendant has failed to establish the existence of diversity jurisdiction.

Finally, because this court does not have diversity jurisdiction over this matter, the matter should be remanded without consideration of the motion to dismiss (rec. doc.  5).

## Conclusion

Based on defendant's failure to prove an equitable exception to the one-year rule and failure to establish diversity jurisdiction, it is recommended that this matter be remanded *sua sponte* to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.  Accordingly,

**IT IS RECOMMENDED** that this matter should be **REMANDED** *sua sponte* to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana because of the absence of federal subject matter jurisdiction.

Signed in Baton Rouge, Louisiana, on April 27, 2009.

**MAGISTRATE JUDGE DOCIA L. DALBY**

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

QUEST ACQUISITION, L.L.C.                  CIVIL ACTION

VERSUS                                     NUMBER 08-665-JJB-DLD

HARTFORD CASULATY INSURANCE
COMPANYand KIMBERLY R. HEBERT

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on April 27, 2009.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**